**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                             No. CV 07-1242 JP/CEG
                                                                          CR 02-2262 JP

WILLIAM FIELDS,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Petition For Writ Of Error Coram Nobis (CV Doc. 1; CR Doc. 178) filed December 10, 2007. Defendant pleaded guilty to several counts of a second superseding indictment and was sentenced to 240 months' imprisonment. On October 10, 2003, the Court entered judgment, and Defendant did not appeal his conviction or sentence. Defendant filed a motion under 28 U.S.C. § 2255, which the Court dismissed on the merits (CR Doc. 172). In his current petition Defendant asserts that he was denied effective assistance of counsel in his criminal proceeding.

      The relief Defendant seeks, if available, must be pursued under § 2255. Defendant claims his conviction and sentence violate his constitutional right to counsel, and he seeks relief under the all-writs statutes. The terms of § 2255, however, provide the exclusive avenue for an attack on a federal criminal conviction. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). Defendant's pro se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

      Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . ." § 2255.

In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court concludes that Defendant should be notified of certain consequences if the Court intends to recharacterize the petition as a § 2255 motion.

On the other hand, the Court is not required to recharacterize the petition.  In *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), the court noted that a district court does not abuse its discretion in declining to recast a pleading under § 2255 where the motion would be untimely or would be a second or successive motion.  Both of these factors are present here, and the Court will decline to recharacterize Defendant's petition under § 2255.  Because the relief sought is available only under § 2255, the Court will dismiss the petition.

IT IS THEREFORE ORDERED that Defendant's Petition For Writ Of Error Coram Nobis (CV Doc. 1; CR Doc. 178) filed December 10, 2007, is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

2